EASTERN DIST.
*April*, 1839.

MACCOUN
*vs.*
ATCHAFALAYA
BANK.

---

### MACCOUN *vs.* ATCHAFALAYA BANK.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

The certificate of protest of the notary, is required to make mention of the *demand* and of the *manner and circumstances of making it*, and is evidence of the matters it contains ; but *is not evidence* of the acknowledgment of the party to pay the debt in a particular description of notes.

This is an action by the holder of a draft, drawn by the chief engineer, on the Atchafalaya Rail Road and Banking Company, for the sum of five hundred dollars, payable at sight.

The defendants pleaded a general denial.

On the trial, the plaintiff offered in evidence the certificate of protest of the notary, which states that he, (the notary,) presented the draft sued on, to the cashier of the bank, and demanded payment thereof in specie, and was answered "that he could pay the same in current bank notes of this city, but could not pay the same in specie, as the bank had suspended specie payment."

This was the principal evidence offered, in addition to the draft, the signatures, etc., to which were admitted. The

question turns mainly on the sufficiency of the evidence in the notary's protest, to prove the acknowledgment of the cashier of the bank to pay the debt in bank notes.

The district judge was of opinion, it was proof of an acknowledgment to pay, and gave judgment for the plaintiff. The defendants appealed.

*Lockett* and *Micou,* for the plaintiff.

*Hoffman,* for the defendants.

*Rost, J.,* delivered the opinion of the court.

This is an action instituted upon a check drawn in favor of the plaintiff upon the defendants, by the chief engineer of the Atchafalaya Rail Road and Banking Company. The defendants answered, and denied all the allegations by which they could be held responsible for the payment of the plaintiff's claim. Judgment was given in favor of the plaintiff, and the defendants appealed.

The only evidence of an offer on the part of the defendants to pay, is the declaration of the notary in the act of protest, that when he demanded payment in specie from the cashier, the latter expressed his willingness to pay in current bank notes of the city of New-Orleans, but could not pay the same in specie, as the bank had suspended specie payment. The counsel for the defendants, contends that this is not evidence, and that the act of protest proves nothing more than *rem-ipsam.* The act concerning protests, approved the 13th March, 1827, provides that notaries are authorized in their protests to make mention of the demand, and of the manner and circumstances of such demand ; and whenever they shall have so done, the certified copy of such protest, shall be evidence of all the matters therein stated.

The answer of the cashier in this instance, cannot properly be considered as a circumstance of the demand, and should have been proved on the trial, like any other fact, by the notary or other competent evidence.

The claim of the plaintiff is not legally proved, but as we

The certificate of protest of the notary is required to make mention of the demand and of the manner and circumstances of making it, and is evidence of the matters it contains ; but it is not evidence of the acknowledgment of the party to pay the debt in a particular description of notes.

EASTERN DIST.
*April*, 1839.

have no reason to believe that it is not justly due, we are of opinion that the case ought to be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and the case remanded for a new trial, with directions to the district judge, to proceed therein according to law, and in conformity with the opinion of this court. The plaintiff and appellee paying the costs of this appeal.