## No. 6092.

### JOSEPH O. TOUPS ET AL. vs. EDWARD MEEGEL.

After a case has been submitted by a party on the merits, he will not be permitted to file a motion or to raise new issues, unless such authority be granted or reserved to him at the time he submits the case.

The attempt to invalidate the title of plaintiffs to the property described in their petition is a failure. Bourgeois, from whom they derive their title, acquired in May, 1856, a good one from Kees, which was duly recorded, and the pretended sale from Kees to Meegel by private act in 1863 was a nullity, because it was the sale of the property of another.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Beattie, J. C. Knobloch*, for plaintiffs and appellees. *E. W. Blake*, for defendant and appellant.

WYLY, J. Plaintiffs' motion to dismiss this appeal can not be considered, because, although made within the three judicial days, it was made after the case had been submitted on the merits by their own counsel, and without any reservation being asked or granted to file such motion. After a case has been submitted by a party on the merits he will not be permitted to file a motion or raise new issues, unless such authority be granted or reserved to him at the time he submits the case. This is a petitory action which the plaintiffs bring for the property described in the petition.

Plaintiffs acquired it on the twenty-sixth of February, 1872, by notarial act from Pierre Bourgeois, who bought it from Absalom Kees, by notarial act on the sixth of May, 1856, both of said acts being duly recorded on the days of their respective dates.

The author of defendant's title, Frederick Meegel, acquired the property from Absalom Kees, by act under private signature, of date April 11, 1863, which was not recorded until the twenty-fifth of October, 1865.

Thus plaintiffs hold title by notarial act from Absalom Kees, duly recorded on the sixth of May, 1856, and defendant sets up title from the

same source, by private act of date eleventh of April, 1863, and recorded twenty-fifth of October, 1865.

Defendant pleads fraud and simulation in the title acquired by Bourgeois on the sixth of May, 1856. He alleges that said act was never intended to be serious; no price was paid, nor possession given; that Kees never ceased to exercise ownership and possession; that he, defendant, acquired the property from the succession of Frederick Meegel, at public sale, by order of a court of competent jurisdiction, in 1868, and that he and the immediate author of his title have been in peaceable possession since the tenth of April, 1863.

The attempt to invalidate the title of plaintiffs we regard as a failure. Bourgeois acquired a good title in May, 1856, which was duly recorded, and the pretended sale by private act in 1863 was a nullity, because it was the sale of the property of another. By the succession sale of 1868 defendant only acquired the title of the succession of Frederick Meegel, and if the deceased had no title, as we have stated, defendant acquired none.

The cases in 24 An. pages 324 and 445, cited by defendant, are not applicable.

It is therefore ordered that the judgment herein in favor of plaintiffs be affirmed with costs.