Appellee is condemned to pay the costs of appeal.

---

(40 South. 543.)

No. 15,655.

Succession of GRAGARD.

ROSENTHAL v. PIERSON.

(Nov. 20, 1905.    Rehearing Denied Feb. 26, 1906.)

1. LIMITATIONS — EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST DECEDENT.

Where suit is brought for a balance alleged to be due upon an account, and a copy of the account, taken from the books of the defendant, fails to show the existence of such relations between the parties as will afford an answer to the plea of the prescription of three years, and no other evidence is offered, the plea is properly maintained. And particularly is this true of a suit brought against the administrator of a succession after what appears to be an unusual and unnecessary delay.

2. JUDGMENT—FORM—FAILURE OF EVIDENCE—NONSUIT.

Where it seems probable that the failure to offer the necessary evidence to establish a demand was merely the result of misapprehension as to the effect of the evidence offered, the judgment should be one of nonsuit.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. Durieve King, Judge.

In the matter of the succession of J. J. Gragard. Action by Paul Rosenthal against Ed. Pierson, administrator, to call the balance due. Judgment for defendant, and plaintiff appeals. Amended and suit dismissed.

Frederick Sussman Weiss, for appellant. James Francis Pierson and Horace Edward Upton, for appellee. Dinkelspiel & Hart, amici curiæ.

### Statement.

MONROE, J. In February, 1904, Paul Rosenthal filed a petition in the above-entitled succession, alleging that between January 1 and July 31, 1899, the decedent, as his

agent and factor, sold various lots of cotton, made collections, and honored drafts, for his account, and that there is a balance due him, resulting from said transactions, amounting to $2,450.99, as appears from decedent's ledger, an excerpt from which he annexes to, and makes part of, his petition, and he prays that the administrator be cited, and that he be recognized as a creditor of the succession for that amount. The administrator, for answer, alleges that he has no knowledge of the claim, save as derived from the books of the decedent, which show the existence of an open account, as against plaintiff's claim upon which he pleads the prescription of three years.

The transcript discloses the following:

"By Mr. Weis, counsel for plaintiff: I offer and introduce in evidence a copy of the account on the books of John J. Gragard [which copy is admitted by counsel for the administrator to be correct]."

No objection was made to the offer, and no other evidence was offered either for plaintiff or defendant.

The copy referred to shows an account running from January 3d to February 7th, probably of the year 1899, the first item on the debit side of which reads, "To balance, as per account rendered, $811.38;" and this is followed, upon the same side, by various charges, for cash paid to plaintiff and to other persons, and for "invoices," presumably of goods or supplies furnished to plaintiff, the whole aggregating apparently $4,803.26. The credit side of the account is made up of items showing sales of different lots of cotton, as, for instance, "January 12, by net proceeds 1 B/C $29.52;" "January 7, by net proceeds 23 B/C, $265.25;" and of other items in which the plaintiff is credited with amounts charged to other persons, as, for instance, "February 13, by amount charged A. Marenovitch, $540.00," and with amounts apparently received or collected from other persons, as, for instance, "March 22, by cash,

C. Bertrand, Jr., $409.89"; the whole aggregating apparently $7,225, and thus showing a balance in favor of the plaintiff of $2,450.99.

Upon the case as thus presented there was judgment dismissing plaintiff's suit, and, having unsuccessfully applied for a new trial (by means of a motion in which it is alleged that the judgment is based on the prescription of three, whereas the prescription of ten years alone is said to be applicable) he has appealed.

### Opinion.

The learned counsel for the plaintiff seems to have proceeded upon the theory that it would be admitted that his client is a country merchant and planter, and that Gragard was his factor and commission merchant, from whom he obtained supplies and to whom he shipped cotton and forwarded drafts for collection; but these facts are neither admitted nor proved. Under these circumstances, and considering that the account offered in evidence fails to show the existence of any such relation between the parties as would relieve the plaintiff's claim from the prescription of three years, and that information as to his relations with the decedent as to the exact circumstances out of which his claim arose, and as to the correctness, vel non, of the said claim, is presumably in plaintiff's possession, and further considering that Gragard is said to have died in 1899, whereas this suit was not filed until 1904, we are of opinion that the evidence afforded by the copy of the account was properly held insufficient to entitle plaintiff to the judgment prayed for. We are, however, further of opinion that the judgment should have been one of nonsuit.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended in so far as that the demand of the plaintiff is now rejected, and his suit dismissed as in case of nonsuit, the defendant to pay the costs of the appeal.