NIOPIOLLS, J.
This case has been brought to this court under • an order by it, granted on the 3d of January, 1910.
The plaintiff! in the suit in the district court has moved the court to recall the order for certiorari and writ of review and all proceedings thereunder, for the reason that the application for said certiorari and writ of review was not sworn to as required by Act 191 of 1898.
Applicant for the writ, through his attorneys, .resists this application by an answer to the motion to recall (verified by the oath of one of the attorneys) on the following grounds:
First! That the order cf the honorable court, granting the writ of review, and ordering up the papers herein, having already been granted on the 3d of January, 1910, and no motion to dismiss or recall or objection to the granting of same having been filed previous to the granting by this honorable court of its said order, it is now too late, after said order has issued, to file any motion to dismiss or recall.
Secondly. That if the said J. Landry & Son are entitled to file the above motion to dismiss or recall, after the granting by this honorable court of its order, directing the case to be sent up on review, that the allegations contained in the petition are to the best of applicant’s knowledge and belief absolutely true, which allegations he reiterates in full, adopts, makes a part of this motion, and duly swears to through his attorneys.
Thirdly. That applicant forwarded to the clerk of the Supreme Court by mail, on the 11th day of December, 1909, a petition for writ of review in this case, and that said petition contained the affidavit of George Seth Guion„ one of the attorneys for G. J. Labarre, that notification of the purpose to apply for the certiorari or writ of review had been given and filed in accordance with the rules of this court; that said petition was lost through the mails, and that said petition now on file in said Supreme Court, in the above numbered and entitled cause, is a second petition, and if not sworn to is due to inadvertence, as applicant was only notified by the postmaster at Napoleonville of the loss of said document on the 15th day of December, 1909, and had then a very limited time within which to file a second petition for review.
Fourthly. That even if said petition is not sworn to, otherwise than by affidavit of the notification of the intention to apply for said writ, that nevertheless it is within the province of this honorable court to waive or ignore same, as it is a matter of form only.
Fifthly. That said petition or application, if required to be sworn to, can be sworn to at any time. Wherefore your mover and objector prays that the motion filed herein, by J. Landry & Son, on the 11th day of January, 1910, be dismissed and denied.
The second section of Act No. 191 of 1898, which is an act to carry into effect article No. 101 of the Constitution of 1898, reads as follows:
“Be it further enacted, etc., that within thirty (30) days after the rendition and entry of a judgment, in any case, by the Court of Appeal, the party cast in the suit, or any other person in interest, who may feel aggrieved thereby shall have the right to bring said cause before the Supreme Court by writ of certiorari, mandamus or prohibition for its review and determination on questions of law, or jurisprudence, or concerning the jurisdiction of said Court of Appeals. The party desiring to avail himself of the remedy provided for by this section, pursuant to the provision of article 101 of the Constitution of this state, shall, within the delay above mentioned file in the clerk’s office of the Supreme Court, his petition and application addressed to the Supreme Court, or to one of the justices thereof, in which he shall set forth, as briefly as possible the nature of *717 the case, the issues therein and the questions of law, jurisprudence or jurisdiction involved; he shall also annex to said petition a statement or assignment of errors alleged to exist in the decree complained of. The petition shall be sworn to and the applicant shall file therewith a copy of the original petition and answer, or other pleadings of the case.”
The judgment of the Court of Appeal in the case brought up for review, which refused the rehearing applied for therein, was rendered on the 23d day of November, 1909. The petition praying for a certiorari or writ of review of that judgment was filed in this court on December 17, 1909. The case was ordered to be sent up on the 3d of January, 1910. The motion to recall the order was filed on 11th of January, 1910. The answer to the motion to recall was filed on the 17th of January, 1910. Accompanying the petition applying for the present certiorari or writ of review was the affidavit of one of the attorneys to the effect that the plaintiffs had, in accordance with rule 12 of the Supreme Court (47 South, vii), been notified by the defendant by letter under date of December 4, 1009, that he would apply to the Supreme Court for a writ of certiorari to review the final decision of the Court of Appeal in the above cause. That the notification to the plaintiffs in the cause had been filed in the office of the clerk of the Court of Appeal, and, in addition thereto, that copies of said notification had been given to the plaintiffs.
There is no dispute as to the fact that the petition addressed to this court filed on the 17th of December, 1909, applying for a certiorari or writ of review, was not sworn to, as required in accordance with the second séction of Act 191 of 1898. Plaintiffs in the case below insist upon the enforcement of the requirements of the section. We understand the defendant, applicant for the writ, to contend that the provisions of that section were enacted for the benefit of the court, and to aid and facilitate it in reaching a conclusion as to whether it would order the record up, and not for the benefit of the opposing parties in the suit, and that should the court or the particular justice who was to pass upon the question be satisfied on the face of the petition as presented — that the application was a meritorious one and justified the bringing up the case for review, and ordered it to be brought up— the object and purpose of the law was effected. That that was a matter in which the court, or the particular justice, and no one else was concerned, or had a right to complain; that the law was merely directory, not mandatory, and was subject to the discretion of the court.
The court has considered the question, and is of the opinion that the requirements of the statute should be carried out under penalty of dismissal if not followed. The lawmaker has declared that the party who feeling himself aggrieved by the judgment of the Court of Appeal, who desires to avail himself of the remedy afforded by the article of the Constitution and the statute, shall do certain specified things — those particular things he should do in order to avail himself of the remedy. They are easy of performance, and the court will not be disposed to relieve applicants from complying with them even if it had the legal right and power to do so.
We do not find that plaintiff has, by any act of his, waived his right to have the requirements of the section complied with. They were notified of the intention of the defendant to apply for the writ, but they were not informed of the particular day that he would do so, and could not be expected to be constantly on the alert to ascertain whether the intention would be carried out or not. They could not know until the application was actually made whether or not the provisions of the law would be complied with or not. The Supreme Court *719 (or the particular justice) is not controlled by the law as to when the application should be acted on. It is authorized to.be acted upon the moment a conclusion is reached upon the merits thereof. If action should be delayed, in any particular case, for any time, it would be a mere accidental circumstance.
The only application which we are authorized to deal with in this case is that which was actually filed in the court. Were it permissible to swear to the application it would now be too late to do so, particularly after the motion to recall was filed.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the motion to dismiss is sustained, and the order of this court of the 3d of January, 1910, granting the certiorari or writ of review applied for in this matter be, and the same is hereby, recalled and set aside, and the proceeding's taken under said order be, and the same are hereby, dismissed.