BREAUX, .O. J.
Relator, Coignet, was plaintiff in executory process and defendant in injunction.
The executory process was enjoined by Nelson, respondent.
Coignet, in his petition before this court for a writ of certiorari, avers that be filed a motion in the district court to compel plaintiff, Nelson, to prove the allegations of his petition for an injunction.
The district court maintained the injunction without prejudice to (Coignet) plaintiff’s right to resort to another suit for the recovery of the amount of the note sued on.
Both plaintiff and defendant appealed to the Court of A.ppeal.
That court, after hearing argument, pronounced judgment for defendant, Nelson, and amended the judgment of the district court by striking out from the judgment that part which reserved to plaintiff the right to institute another suit, and thereby maintained the prescription pleaded. '
Plaintiff petitioned the court for a rehearing.
The rehearing was granted.
After a second argument, the Court of Appeal reinstated its judgment. It reversed the judgment of the district court in so far as it granted to plaintiff the right to institute another suit. In other words, it made the judgment absolute.
Plaintiff applied to this court for a writ of certiorari, which was granted to the extent of ordering the clerk of the Court of Appeal to send the record to this court for review.
On Motion to Dismiss Relator’s Application.
[1] The respondent here filed a motion to dismiss the application for a writ of certiorari, on the ground that applicant did not file a copy of the original petition for ex-ecutory process, and the answer and other pleadings.
Plaintiff in this motion to dismiss the appeal cites the case of La Barre, 125 La. 714, 51 South. 697, in which this court decided that the applicant must sustain the allegations of his petition by an oath.
This we dispose of by stating that there is no question but that the oath is mandatory, as decided in the cited case, for it is not cured by any of the subsequent proceedings.
It is different with reference to a copy of the petition and of the answer, which plaintiff in motion says should have been produced.
We would not be justified in holding that *417 the missing copies of original petitions for foreclosure and of the injunction enjoining foreclosure are sufficient cause to dismiss the application for a writ of certiorari.
The original petition just mentioned is before this court, and also the petition of injunction.
This cures the omission. It virtually complies with the requirement of the statute, No. 191 of 1898, for all the originals are before us, in accordance with the statute in matter of nonsuit, as that for which application is here made.
It would serve no purpose to have before us the copies and the originals.
Motion to dismiss is overruled.
On the Merits.
[2] Applicant’s claim is for a small amount, secured by mortgage on defendant’s land.
Plaintiff in injunction avers in opposition to the foreclosure that the promissory note of Coignet, the plaintiff, was barred by the five-year prescription.
In answer to this plea Coignet filed a motion, in which he averred that the debt of Nelson had been acknowledged by him; that this fact was proven by the payment of interest by Coignet, as indorsed on the note. And, further, that Nelson acknowledged his indebtedness and promised to pay interest.
The case was called for trial in the district court. It was submitted on the face of the papers.
The district judge rendered the judgment before mentioned.
Both plaintiff and defendant appealed to the Court of Appeal.
It is conceded that on the face of the papers the note is prescribed.
The plaintiff in executory process strongly avers that he has evidence showing proper acknowledgment of the note by defendant in executory process.
■ Strangely, and erroneously enough, counsel for defendant in injunction were of the impression■ that the petition of injunction admitted the truthfulness of the allegations of plaintiff in executory process in his petition, and, without proof, the debt was not prescribed because of the admission stated.
It dawned upon counsel that they had committed an error, and, because of that error, if not corrected, their client would lose the amount due in case the note is not prescribed.
The only remaining question before us for decision is whether a final judgment should stand in favor of the defendant, Nelson, or the plaintiff in executory process be allowed the opportunity of proving interruption of prescription.
We attach some importance to the reservation made originally by the district judge. He evidently did not think that there was negligence or indifference on the part of plaintiff in matter of the evidence. The plaintiff, Coignet, has not been slow or amiss. The error is not his, but counsel’s.
A very similar question has been passed upon in a number of cases.
In Maccoun v. Atchafalaya Bank, 13 La. 342, the claim of the plaintiff had not been legally proven. But it seems that the court had no reason to believe that the claim was not due, and remanded the case for a new trial.
In McMicken v. Weems, 7 La. 67, the defendant opposed the plea of prescription to the plaintiff’s demand.
The plaintiff in his petition referred to a suit, petition, and citation, and Copy of the note signed by defendant; to show that prescription was interrupted.
The plaintiff did not produce the record in the evidence on trial and other testimony.
Judge Martin substantially held that, as the papers had not been placed in evidence, the court was unable to say whether the prescription had been interrupted, and, aft *419 er its “best consideration,” the court said that justice required the remanding of the case to afford plaintiff an opportunity of proving interruption.
The Gragard Case, 116 La. 96, 40 South. 543, recently decided, is in harmony with the decision just cited. See, also, Hennen’s Digest, vol. 1, p. 94, No. 1.
The present ease has been twice considered, the first time on the application for a rule nisi, which resulted in ordering up the papers; the second time on the merits.
We have not found a single decision in which the issues were quite similar but what the court decided not to absolutely cut off the one dismissed from asserting his alleged claim in another suit.
This ruling does not dispense parties to suits from the necessity of exercising vigilance. The only purpose is to enable the plaintiff, if he has any claim, to recover it, if the oversight was not his own.
We agree with the learned Court of Appeal when the debt is prescribed the suit forever abates, but we must add, provided it be evident that it is prescribed, and that there was ho blunder, such as in this case, which resulted in plaintiff’s not attempting to prove the interruption.
Reserving a right, if there exists a right, cannot result in encouraging a dilatory practice.
For reasons stated, the judgment of the Court of Appeal is avoided, annulled, and reversed to the extent that the judgment is absolute, at the costs of the defendant in that court. It is ordered, adjudged, and decreed that the judgment of the district court be reinstated and made the judgment of this court, as well as of the district court, and the case is sent back to the district court to the extent that such a decree may be made effective. The judgment of the circuit court is amended so as to make it a judgment of nonsuit.
PROVOSTY, X, dissents.