On Rehearing.
MONROE, J.
[3] In the opinion heretofore handed down, it was held, in affirmance of the judgment rendered in the case entitled J. Landry & Son v. La Barre et al., In re La Barre, etc., 125 La. 714, 51 South. 697, that the failure of an applicant for the writ of review to verify his petition, by affidavit is fatal to the application, and cannot be cured by subsequent proceedings, but that the rule does not apply where such applicant fails to file with his petition a copy of the original petition, and the answer or other pleadings in the case, and that such omission may be cured by the subsequent production of the exhibits mentioned. A further consideration of the matter has led to the conclusion that the distinction so made cannot be maintained.
In the case of Landry v. La Barre, supra, it was said:
“The court has considered the question and is-of opinion that the requirements of the statute should be carried out, under penalty of dismissal, if not followed. The lawmaker has declared that the party who feels himself aggrieved by the judgment of the Court of Appeal, who desires to avail himself of the remedy afforded by the article of the Constitution, shall do certain specified things. Those particular things he should do, in order to avail' himself of the remedy. They are easy of performance, and the court will not be disposed to relieve applicants from complying with them, even if it had the legal right and power to do so. * * * The only application that we are authorized to deal with in this case is that which was actually filed in the court. _ Were it permissible to swear to the application, it would now be too late to do so, particularly after the motion to recall was filed.”
To what was thus said, we add that Act No. 191 of 1898 (carrying into effect article 101 of the Constitution) § 2, provides, among other things, that:
“The petition (referring to the petition to be addressed to this court for the writ of certiorari or review) shall be sworn to, and the applicant shall file therewith a copy of the original petition and answer or other pleadings in the ease.”
' From which it appears that the lawmaker has placed the obligo tion to swear to the *421 petition and the obligation to file therewith a copy of the original petition and answer or other pleadings in the case, upon exactly the same footing; and, that being the case, the courts have no power to hold that, in the one case, there is a mandatory obligation, and in the other, a mere requirement, which may or may not be complied with, as the applicant or the court may elect or determine. In the beginning of the section, it is said:
“That, within thirty days after the rendition and entry of a judgment, * * * the party cast * * * shall have the right to bring; the said cause before the Supreme Court. * * * The party desiring to avail himself of the remedy * * * shall, within the delay above provided, file, in the clerk’s office of the Supreme Court, his petition and application,” etc.
And, construing those provisions, this court has held that:
“Applications for certiorari or writ of review to Courts of Appeal must be presented to the Supreme Court not later than 30 days after the decision of the Court of Appeal has been rendered and entered on the minutes, or after refusal of application for rehearing.” Rimmer v. Jones Bros., 117 La. 910, 42 South. 421.
According to the language of the statute, however, the obligation to file the petition in this court within the time specified is np more imperative than is the obligation to verify the petition by affidavit, and that obligation is no more imperative than is the obligation to annex to the petition a copy of the original petition and answer or other pleadings in the case.
We could no. more, therefore, dispense an applicant from compliance with one of the conditions imposed by law upon the exercise of the privilege conferred upon him, than with another, and we cannot do so in either of the cases, because it would involve a change in the law.
It is, therefore, ordered, adjudged, and decreed that the judgment heretofore rendered in this case be set aside, and that there now be judgment rejecting the demand of the applicant and dismissing this application, at his cost.
BREAUX, C. J., dissents.