On Rehearing.
LAND, X
Our opinion and decree in this case was entered and filed April 24, 1911. On May 8, 1911, the defendants filed a motion to recall and dismiss the certiorari or writ of review, because the application for the same was not accompanied by a copy , of the original pleadings, as required by .Act 191 of 1898. Both parties applied for a rehearing, and a rehearing was granted on the whole case.
[7] The first issue to be determined in logical order is the motion to recall. As a matter of fact, the application for certiorari or writ of review was not accompanied by a copy of the original pleadings in the case, but such pleadings were sent up as a part of the record by the clerk of the Court of Appeal. The case was called, and was submitted on its merits on briefs filed by both parties.
In the Coignet Case, 128 La. 414, 54 South. 925, it was held that the failure of an applicant for certiorari or writ of review to file in the Supreme Court with his petition a copy of the original petition and answer and other pleadings in the case is -fatal to the application, and the omission cannot be cured by the subsequent production of the omitted copies of the pleadings. In that case, however, the motion to recall was filed before the submission of the cause. The question now before us is whether a motion to recall will be considered when raised for the first time after the submission and decision of the cause in the Supreme Court.
[8] We think that this question should be answered in the negative, because no new plea can be filed after judgment rendered in the Supreme Court. Stark v. Burke, 9 La. Ann. 344. In that case, Slidell, C. X, as the organ of the court, said:
“The time of a court of justice should not be occupied with determining a cause on the general merits, only to. reach the fruitless result of setting aside its decree, not because it is erroneous in the case presented, but because the litigant desires to present a new question, which he might have presented before.”
In the analogous case of a motion to dismiss an appeal, it has been held that such a motion will not be considered when filed after a case has been submitted on the merits. Toups v. Meegel, 28 La. Ann. 111. It. is hornbook law that all defects of form in bringing up an appeal are waived, where the appellee appears and contests the case on other grounds. Hennen’s Digest, vol. 1, p. 71. That the incompleteness of the record is a formal defect that must be urged within three days after the filing of the transcript has been decided in a number of cases. Durbridge v. Slaughterhouse Case, 27 La. Ann. 676; Bienvenu v. Factors’ & Traders’ Ins. Co., 33 La. Ann. 209, and cases cited in Hennen’s Digest, vol. 1, pp. 71 and 72.
For the reasons assigned, the motion to recall is overruled.
Our former decree herein amended the judgment below by setting aside the dation en paiement made by Oscar Lemoine to his wife, as to the open accounts sought to be transferred, and as to certain merchandise *393 subject to plaintiff’s vendor’s privilege. We see no good reason to change our conclusions on these points. Under these rulings, the open accounts, aggregating $1,254.10, did not pass to the wife for want of legal delivery, and'the merchandise, valued at'$689.27, covered by plaintiff’s vendor’s privilege, could not be legally sold to their prejudice. The result is that the wife, having received no title to the accounts and the merchandise, should not be charged with the same -in a settlement with her husband. Plaintiff’s counsel in their brief for a rehearing admit that the evidence shows that the wife had valid claims against her husband to the amount of $4,094. According to the dation en paiement all the property transferred to the wife was valued at $5,257. Plaintiff’s counsel contend that therefore the 'wife was overpaid by $1,162. But if we deduct the value of the open accounts and merchandise which did not pass to the wife for the reasons above stated, the balance in her favor would amount to $780.37. The next contention of counsel for plaintiff is that the evidence shows that all the property transferred to the wife was grossly undervalued. Such a conclusion may, doubtless, be reached by considering the values as estimated by the witnesses for the plaintiff. But the evidence as to values is conflicting, and was carefully considered and weighed by the district judge, as shown by his written opinion.
[9] The findings of the court of the first instance were affirmed by the Court of Appeal. As stated in our original opinion, we are not prepared to say, on the cold record before us, that the findings below are against the weight of the evidence. Value is a mere matter of opinion; and the trial judge, with his knowledge of local conditions, was in a far better position than we are to weigh the conflicting opinions of the witnesses. Plaintiff’s counsel complains that this court did not notice his opposition to the item of $650, the price of a 16-aere tract which the wife sold during the marriage to one Juneau. The husband received the price, and in the act of dation en paiement acknowledged that he was a debtor for the amount to his wife. There is nothing to show when or how the wife acquired title to the property. As'it is not shown that the wife acquired the property “during the marriage,” there is no presumption of community. C. C. art. 2402. As the marriage has never been dissolved, C. C. art. 2405, has no application. The most that can be said is that the evidence as to the wife’s title is insufficient. We would remand the case on this point for further evidence, if we deemed it essential to the decision of the cause, in view of the fact that the husband treated the property as belonging to his wife, and swore that he never owned it.
In our original opinion we discussed the question whether the wife should be charged with $700 for the enhanced value of her separate property by reasons of improvements made thereon by the community. It appears that the wife and husband jointly owned a plantation, and the wife owned a contiguous tract of 16 acres in her own right. The whole property was sold for the lump price of $5,500, out of which $400 was returned to the purchaser on account of deficiency in area. It appears that .the husband had expended $700 in the improvement of the common property. It is clear that the wife, as joint owner, was chargeable with one-half of that sum. What the common property brought is more or less a matter of conjecture. Plaintiff, however, in his brief admits that the wife’s net share of the total price amounted to $2,400.
As already stated, plaintiff’s case as to the annulment of the dation hinges on the true valuation of the property transferred to his wife. For the reasons already stated, we decline to disturb the judgment on that issue. The additional ground that the da *395 tion was null, because it happened that a small part of the merchandise transferred to the wife was subject to a vendor’s privilege, has been fully covered in our original opinion.
Our former decree is recast, so as to read as follows, to wit:
It is therefore ordered that the judgments of the district court and of the Court of Appeal herein be amended so as to decree that the dation en paiement made by Oscar Lemoine to Mrs. Mamie C. Yoorhies, his wife, on October 7, 1908, be set aside, as to the open accounts therein transferred, in so far as the rights of the plaintiff and intervener are concerned, and also be set aside as to the merchandise identified by the plaintiff herein, amounting to $689.27, whereof a list is attached to and forms a part of the inventory made by E. A. Plauché, notary public, on December 11, 1908, in so far as the rights of the plaintiff in this suit are concerned; and it is further ordered that said judgments be affirmed in all other respects, and that the defendants pay costs in all courts.