applied to female children incapable of giving consent. * * *

"The carnal abuse of children is an offense in the nature of rape wherein the want of consent is not an element.

"The resistance of the prosecutrix, her outcry and complaint, are admissible for the purpose of showing that she did not consent.

"A female child under the statutory age' is conclusively presumed to be incapable of consenting to sexual intercourse, or, in other words, her consent is no defense. Elliott on Evidence, 4, No. 3095. * * *

"These rules apply to a woman, capable of giving consent, but have never in England or in this country, so far as we are advised, been applied to the carnal knowledge of female children under the age of consent."

While the indictment charges that the accused "did willfully, maliciously, and feloniously, in and upon Louise Folden, feloniously and violently did make an assault, and her, the said Louise Folden, then and there violently and against her will feloniously did ravish and carnally know," etc., and, while the evidence shows that the child yielded to her father's persuasions, and no force was used by him, yet, she being under twelve years of age, and not capable of giving consent, the assault by the accused was felonious and violent, and against the child's will; for she was not capable to consent that any one should have sexual intercourse with her. State v. Tilman, 30 La. Ann. 1249, 31 Am. Rep. 236; State v. Miller, 42 La. 1186, 8 South. 309, 21 Am. St. Rep. 418; State v. Jackson, 46 La. 547, 15 South. 402.

[5] The last bill of exceptions is taken to the overruling of a motion for a new trial, based on newly discovered evidence. The trial judge, in his per curiam, says that defendant had not used proper diligence in getting the evidence referred to, and, further, that it was simply cumulative.

The evidence in the case was not all taken down, and it is not in the record; therefore we cannot decide that the evidence was or was not cumulative. The ruling cannot be reviewed. State v. Sloan, 120 La. 170, 45 South. 50; State v. Pamelia, 122 La. 207, 47 South. 508.

[6] The newly discovered evidence being merely cumulative would not change the result. State v. Albert, 109 La. 201, 33 South. 196; State v. Sims, 117 La. 1036, 42 South. 494; State v. Turner, 122 La. 371, 47 South. 685.

The affidavit of the alleged newly discovered witness, attached to the motion for a new trial, indicates that his testimony was intended to discredit the prosecuting witness. Under such circumstances, the general rule is that a new trial will not be granted that such testimony may be admitted. State v. Young, 107 La. 618, 31 South. 993; State v. Maxey, 107 La. 799, 32 South. 206; State v. Washington, 108 La. 226, 32 South. 396.

The granting of a motion for a new trial is left largely to the discretion of the trial judge; and his refusal to grant such motion will not be reversed unless manifest error is shown. State v. Pastor, 111 La. 717, 35 South. 839; State v. Latham, 125 La. 963, 52 South. 113; State v. Lee, 127 La. 265, 53 South. 559; State v. Thomas, 127 La. 273, 53 South. 562; State v. Irby, 131 La. 795, 60 South. 253.

Judgment affirmed.

---

(66 South. 225)

No. 20060.

STUBBS v. FLEMING.

(June 29, 1914. Rehearing Denied Oct. 21, 1914.)

*(Syllabus by the Court.)*

CERTIORARI (§ 42*)—WRIT OF REVIEW—VERIFICATION OF APPLICATION.

An application for a writ of review, under article 101 of the Constitution and Act No. 191 of 1898, must be verified by the oath of the applicant, or his attorney, if the applicant be absent from the parish, or is incapable of making the affidavit. Where the applicant is shown to reside in the parish where the court to which the application is to be presented holds its sessions, and is not shown to be absent, or incapable of making such affidavit, an affidavit by his attorney, made in a distant parish, does not

meet the legal requirements, and the order for a writ of review, improvidently granted, will be rescinded and the writ recalled.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 64–73, 75–79, 81–84, 87; Dec. Dig. § 42.*]

O'Niell, J., dissenting.

Action by Guy Stubbs against Glen Fleming. Judgment for plaintiff, and defendant applies for certiorari or writ of review. Application dismissed.

Stubbs, Russell, Theus & Wolff, of Monroe, for plaintiff. S. C. McGarrily, of Arcadia, for defendant.

MONROE, C. J. Defendant having applied for a writ of review in this matter, and this court having ordered that same be granted, plaintiff now moves that the order be rescinded and the writ recalled, for the reason that the application therefor—

"was not sworn to in accordance with law, and especially Act No. 191 of 1898, * * * the affidavit * * * having been made by the attorney for the applicant, instead of the applicant himself, with nothing to show that the applicant, Glen Fleming, was absent or incapable of making affidavit in person."

We are of opinion that the motion must be sustained. This court has held that the affidavit, in cases such as this, must be made by the litigant, if present in the parish and capable of making it. North British, etc., v. Sims, 132 La. 412, 61 South. 509. By no rule of construction could it be held that, though (as appears to have been the case here) the litigant be a resident of the parish where the court to which the application is presented holds its sessions, the affidavit can properly be made by his attorney, because he (the attorney) is in a distant parish.

The order herein made is therefore rescinded, and this application is dismissed, at the cost of the applicant.

O'NIELL, J., dissents.