(119 So. 700)

No. 29435.

**HAAS et al. v. OPELOUSAS–ST. LANDRY BANK & TRUST CO.**

**In re HAAS et al.**

Nov. 26, 1928. Rehearing Denied Jan. 2, 1929.

John W. Lewis, of Opelousas, for applicants.

Dubuisson, Perrault & Burleigh, of Opelousas, for respondent.

OVERTON, J. The defendant has moved this court to recall the writ of review that issued herein for the following reasons:

"1. That no assignment of errors accompanies the petition or application for said certiorari, or writ of review, as required by statute and the rules of this court.

"2. That said petition is verified, not by petitioners as required by statute and the rules of this court, but by their attorney."

The first ground assigned for the recalling of the writ is not tenable. The application for the writ clearly states the errors relied upon to reverse the Court of Appeal. There was no occasion, therefore, to encumber the record by attaching to the application, an assignment of errors.

The second ground for the recalling of the writ, under the jurisprudence of this state, contains more merit than the first ground urged. As relates to that ground, section 2 of Act 191 of 1898, in stating what shall be done to obtain the writ, provides, among other things, that:

"The petition shall be sworn to and the applicant shall file therewith a copy of the

[1] Ante, p. 527.

original petition and answer or other pleadings in the case."

In Stubbs v. Fleming, 135 La. 796, 66 So. 225, where the identical question here presented was before the court, the court held that the affidavit, required by the act of 1898, must be made by the applicant, if present in the parish and capable of making it, and recalled the writ because the affidavit was not so made. As pointed out by counsel for defendant, shortly after the foregoing decision was rendered, this court, in adopting rules, regulating the procedure therein, adopted rule XVI, relative to writs of review, in which it is provided, among other things that:

"The petition for the writ of certiorari or review to a court of appeal shall be verified by the affidavit of the petitioner, or, in case of his absence from the parish in which the judgment sought to be reviewed was rendered, then, by his attorney; and the fact of such absence shall be shown by the affidavit, which shall also show that an application for a rehearing has been made to such court of appeal. * * *" 136 La. p. xii, 67 So. xi.

Rule XVI has not been directly amended, though it has been indirectly amended, in part, by amendment to rule XV, published in 152 La. p. vii, but only as to the giving of notice of the intention to apply for the writ, required in a part of rule XVI, not quoted above, and not as to the requirements of that rule relative to the verification of the application for the writ by affidavit. Therefore the amendment referred to is of no importance here.

Where the affidavit is not made by a person authorized by law to make it, the situation is very much the same as if no affidavit had been made at all. In Horvath v. Eppling, 164 La. 93, 113 So. 778, where there was no verification whatever of the application, it was said:

"This court has repeatedly held that the requirement of section 2 of Act 191 of 1898 that 'the petition shall be sworn to' is mandatory, and not merely directory or subject to the discretion of the court, and must be carried out under penalty of dismissal if not followed. Landry & Son v. Labarre, 125 La. 714, 51 So. 697; Coignet v. Nelson, 128 La. 414, 420, 54 So. 925; Landry et al. v. Poirrier et al., 135 La. 731, 66 So. 163."

The application in this case, instead of being sworn to by the applicants for the writ, or one of them, is sworn to by their counsel, nor does the affidavit disclose the conditions which authorize counsel for the litigant to make the affidavit under rule XVI, or under the act of 1898, as that act is interpreted in Stubbs v. Fleming, supra. Hence there remains nothing for us to do, under the authorities cited, but to recall the writ.

For the reasons assigned, the writ herein is recalled, and plaintiff's application is dismissed.

O'NIELL, C. J., dissents.