(113 So. 778)

No. 28545.

## HORVATH v. EPPLING et al.

### In re HORVATH.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. Certiorari ⊕═42(2)—Failure of applicant to verify petition for certiorari held to require dismissal and recall of writ previously issued (Act No. 191 of 1898, § 2).

Failure of applicant for writ of certiorari to verify petition for writ, as required by Act No. 191 of 1898, § 2, *held* to require dismissal of proceedings and recalling of previous order which granted certiorari.

2. Certiorari ⊕═42(2)—Requirement that petition for certiorari shall be sworn to is mandatory (Act No. 191 of 1898, § 2).

Requirement of Act No. 191 of 1898, § 2, that petition for certiorari shall be sworn to is mandatory on court, not merely directory, and must be carried out under penalty of dismissal.

O'Niell, C. J., dissenting.

Suit by Steve Horvath against H. D. Eppling, Sr., and others. Judgment for defendant was affirmed by the Court of Appeal, and plaintiff applies for certiorari. On motion of defendant to have order for writ of certiorari set aside. Motion to dismiss sustained, and order granting certiorari recalled, and proceedings thereunder dismissed.

Jose A. Morales, Josiah Gross, and James D. McGovern, all of New Orleans, for applicant.

McCloskey & Benedict, of New Orleans, opposed.

LAND, J. The defendant, Henry D. Eppling, Sr., has filed a motion in this court to rescind and set aside its order for a writ of certiorari or review handed down in the above proceedings on March 28, 1927, on the ground that the petition of the applicant for said writ is not verified by affidavit, as required by law.

Act 191 of 1898, § 2, provides:

"That within thirty (30) days after the rendition and entry of a judgment, in any case, by the Court of Appeal, the party cast in the suit or any other person in interest, who may feel aggrieved thereby, shall have the right to bring said cause before the Supreme Court by writ of certiorari, mandamus or prohibition for its review and determination on questions of law or jurisprudence or concerning the jurisdiction of said Court of Appeals. The party desiring to avail himself of the remedy provided for by this section pursuant to the provision of article 101, of the Constitution of this state, shall, within the delay above mentioned, file in the clerk's office of the Supreme Court, his petition and application, addressed to the Supreme Court or to one of the justices thereof, in which he shall set forth as briefly as possible the nature of the case, the issue therein and the questions of law, jurisprudence or jurisdiction involved; he shall also annex to said petition a statement or assignment of errors alleged to exist in the decree complained of. The petition shall be sworn to and the applicant shall file therewith a copy of the original petition and answer or other pleadings in the case."

[1, 2] This court has repeatedly held that the requirement of section 2 of Act 191 of 1898 that "the petition shall be sworn to" is mandatory, and not merely directory or subject to the discretion of the court, and must be carried out under penalty of dismissal if not followed. Landry & Son v. Labarre, 125 La. 714, 51 So. 697; Coignet v. Nelson, 128 La. 414, 420, 54 So. 925; Landry et al. v. Poirrier et al., 135 La. 731, 66 So. 163.

It is therefore ordered that the motion to dismiss be sustained, and that the order of this court of the 28th day of March, 1927, granting the certiorari or writ of review applied for in this matter be, and the same is, hereby recalled and set aside, and that the proceedings taken under said order be, and the same are, hereby dismissed.

O'NIELL, C. J. (dissenting). I dissent on the ground that, although the failure of an applicant to swear to the allegations of his petition for a writ of review may be a good cause for refusing to issue the writ, it is not a good cause for recalling the writ after it has been issued. Inasmuch as the law re-

quires the applicant to attach to his petition copies of the pleadings, judgment of the trial court, opinion of the Court of Appeal, brief on application for rehearing, etc., the applicant's affidavit that the allegations of his petition for the writ of review are true is of no importance whatever—except that statute arbitrarily requires it.