BOWLING, Justice,
for the Court:
This appeal involves the State Highway Arbitration Board organized pursuant to Chapter 511, Laws of 1972, and becoming effective on May 22, 1972. It is set out in detail under Section 65-2-1, Mississippi Code 1972 Annotated, et seq. The reason for the law according to Section 65-2-1 was that public policy required that it be “necessary and essential in the public interest to facilitate the prompt, peaceful, and just settlement of conflicts and disputes arising out of contracts between the state highway department and the various contractors with whom it transacts business.... ” The law provides for an arbitration board of three members appointed by various departments and agencies, a discussion of which is not necessary in this appeal. The statute provides that the board has jurisdiction to hear matters concerning $25,000 or less without regard to the size of the contract. [MCA § 65-2-5 (1972) ]. The procedure then provides for a hearing in the event there is a dispute between the contractor and the highway commission. The arbitration board, after the hearing at which the testimony is transcribed, makes its decision. Its order may be appealed by either party to the circuit court. [MCA § 65-2-15 (1972) ]. Provisions of the appeal procedure provide “Either party to the dispute may within fifteen (15) days from the date such order is filed with the clerk of the court petition the circuit court of any county in which the contractor operates or has an office or place of business, for a review of such order .... ” The statute goes on to provide four grounds on which an appeal may be taken from the arbitration board’s decision.
Appellant Phillips Construction Company, Inc. presented its claim in a proper manner to the arbitration board for funds it contended it was owed by the Mississippi State Highway Commission. The claim grew out of a contract to do certain highway con *1375 struction work in Itawamba County, Mississippi. Phillips contended that through no fault of its own, they were forced to incur extra expenses to complete the work. We will not relate a detailed summary of the contentions of either party in the claim presented to the arbitration board as they are not relevant to a disposition of this appeal. It suffices to say that the arbitration board, after a full hearing, found that the State Highway Commission should pay Phillips Construction Company the sum of $16,675.37.
The State Highway Commission appealed the arbitration board’s award to the Circuit Court of the First Judicial District of Hinds County. At the same time, an appeal was attempted to be perfected to the Circuit Court of Itawamba County, which cause was consolidated into the Hinds County Circuit Court proceedings. It was the Commission’s primary contention on appeal that the arbitration board did not have sufficient evidence presented to it to support its award. The circuit court found that the arbitration board did not proceed as required by statute and ordered that the entire cause be remanded to the arbitration board for another hearing.
Appellant Phillips Construction Company, Inc., contends here that the Highway Commission did not perfect its appeal according to the requirements of the appeal statute and for that reason the Circuit Court of the First Judicial District of Hinds County did not have jurisdiction to hear the appeal. We agree.
MCA § 65-2-15 (1972) “Appeal to Circuit Court” makes a specific requirement that “the party bringing the appeal shall be required to place a supersedeas bond in an amount to be determined by the circuit judge.”
Appellee Highway Commission contends that as the Highway Commission is an arm of the state, it is not required to file an appeal bond in any cause pursuant to the provisions of MCA § 11-51-101 (1972), which provides as follows:
The state, and any county, city, town or village thereof, and the officials representing the state, county, city, town, or village, in any suit or action, and any state, county, city, town, or village officer who is a party to any suit or action in his official character, in which suit or action the state, county, city, town, or village is beneficially interested, and the several incorporated charitable or educational institutions established and maintained by the state, and all corporate instrumentalities wholly owned by the United States government, shall be entitled to appeal from a judgment, decree, decision or order of any court or judge, from which an appeal may be taken, without giving an appeal bond; and in such case, if an appeal bond would operate as a superse-deas in favor of a private person, the appeal, without bond, shall have the same effect in the cases herein provided for; and this provision shall apply to all the courts of the state. (Emphasis added).
It is first noted that the above quoted general section which has been a part of the code for many years, specifically refers to appeal from “any court or judge.”
The next observation is that the arbitration board statute is a special statute and not a general statute as set oút in MCA § 11-5-101. See Lincoln County v. Entrican, 230 So.2d 801, (Miss.1970). The arbitration board appeal statute [MCA § 65-2-15] gives “either party” a right to appeal to the circuit court within fifteen days from the date of filing the arbitration board’s order. An essential part of the appeal is the required supersedeas bond. This bond is to be given by “either party” who appeals, as stated above. Under the terms of the arbitration board statute there can be only one party in opposition to a claimant and that is the Highway Commission. Therefore, the special arbitration board statute requiring an appeal bond clearly applies to the Highway Commission as the term “either party” applies to the Highway Commission, as it is always the only party *1376 on one side of the arbitration procedure. The legislature, if it intended otherwise, easily could have said “If the claimant appeals, it is required to file a bond.”
As stated, we hold that the required su-persedeas bond is jurisdictional, and the appeal is not perfected until the bond is approved by the circuit judge and filed. See Hutchinson v. Ferrell, 160 So.2d 903, 248 Miss. 700 (1964); Shirley v. Stevens, 114 So.2d 661, 237 Miss. 254 (1959).
We, therefore, hold that under MCA § 65-2-15 the appeal was not perfected within fifteen days due to the fact that a supersedeas bond was not approved and filed with the circuit court. The Circuit Court of the First Judicial District of Hinds County, therefore, had no jurisdiction to dispose of the appeal. We have no choice but to reverse the cause and reinstate the order of the arbitration board in the sum of $16,675.37.
REVERSED AND RENDERED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE and HAWKINS, JJ., concur.
DAN M. LEE and PRATHER, JJ., take no part.