454 So.2d 912 (1984)
MISSISSIPPI STATE PERSONNEL BOARD, et al.
v.
Jim Wiley ARMSTRONG.
No. 54341.
Supreme Court of Mississippi.
August 15, 1984.
Rehearing Denied September 12, 1984.
*913 Bill Allain, Atty. Gen., Hubbard T. Saunders, IV, Crosthwait, Terney, Noble & Eastland, Jackson, for appellants.
Alvin M. Binder, William B. Kirksey, Binder, Kirksey & DeLaughter, Weaver E. Gore, Jr., Jackson, for appellee.
Before BOWLING, DAN M. LEE, PRATHER and SUGG,[1] JJ.
PRATHER, Justice, for the Court.
This is an appeal from a judgment of the Circuit Court, Hinds County, Honorable Charles Barber, presiding, which reversed and vacated an opinion and order of Stephen R. Miller, Chief Hearing Officer of the Employee Appeals Board, a sub-agency of the Mississippi State Personnel Board. The circuit court heard the petition for writ of certiorari of Jim Wiley Armstrong, a discharged parole officer of the Department of Correction, on the question of the legality of a hearing before a single hearing officer of the Employee Appeals Board. Armstrong contended that as a matter of law he was entitled to a hearing before the entire three member Employee Appeals Board. We reverse.
Although several errors are assigned by the appellant here, the Mississippi State Personnel Board, this Court only addresses the dispositive issue of whether the circuit court lacked jurisdiction because Armstrong failed to file an appeal bond.

I.
On June 9, 1981, Jim Wiley Armstrong was served with a pre-termination notice by the commissioner of the Mississippi Department of Corrections. The commissioner charged Armstrong with filing a reimbursement form for mileage expenses that Armstrong had not in fact incurred. Armstrong submitted a written response explaining that the inclusion of the mileage on his application for reimbursement was accidental. On July 15, 1981, Armstrong received notice that his employment was terminated.
Armstrong filed a formal notice of appeal to the Mississippi Employee Appeals Board pursuant to Miss. Code Ann. § 25-9-131 (Supp. 1981). A de novo hearing was held before Hearing Officer Steve Miller on Aug. 27, 1981. Miller affirmed Armstrong's termination by order dated September 18, 1981.
On October 15, 1981, Armstrong filed a petition for writ of certiorari and mandamus with the Circuit Court of Hinds County. Armstrong joined as respondents to the petition the Mississippi Department of Corrections and Morris L. Thigpen, Commissioner of the Mississippi Department of Corrections. Armstrong's petition asserted that Hearing Officer Miller's decision was unauthorized by law because Miss. Code Ann. § 25-9-129 (Supp. 1981) required that the Employee Appeals Board consist of three hearing officers. Armstrong also alleged that the hearing officer's decision was unsupported by substantial evidence.
*914 Respondents Mississippi Department of Corrections and Morris L. Thigpen filed a general demurrer to Armstrong's petition on Nov. 13, 1981. On Dec. 22, 1981, the circuit court sustained the general demurrer on the ground that the Department of Corrections and its commissioner were not proper parties to the action. The circuit court granted Armstrong leave to amend the petition within thirty days so as to designate necessary and proper respondents.
On January 25, 1982, Armstrong filed his amended petition joining as respondents the Mississippi State Personnel Board (hereinafter the Board), its individual members, and Steve Miller, as hearing officer.
On March 3, 1982, the circuit court issued a writ of certiorari to the Employee Appeals Board. The Mississippi State Personnel Board filed its answer including, inter alia, a request to dismiss the writ for failure of the petitioner to file a bond within six months after judgment of the hearing officer. Thereafter, on March 24, 1982, Armstrong filed an appeal bond pursuant to Miss. Code Ann. § 11-51-93 and § 11-51-95 (1972). On April 9, 1982, the Board filed a motion to strike appeal bond and a motion to dismiss or quash the writ of certiorari based upon Armstrong's failure to file an appeal bond within the six month time period prescribed by Miss. Code Ann. § 11-51-93 (1972). On June 8, 1982, the circuit court granted both motions. On the same day Armstrong filed a motion for reconsideration of the court's judgment. On July 20, 1982, the circuit court granted Armstrong's motion for reconsideration. In its judgment, the circuit court found that (1) it had jurisdiction to hear the motion for reconsideration in the July term of court though the motion was filed in the June term of court; and (2) that by issuing a writ of certiorari without bond having been posted, the circuit court waived the necessity of the cost bond.
Following a hearing on the merits, the circuit court, by judgment of September 24, 1982, found that the hearing before the single hearing officer of the Employee Appeals Board was unauthorized as a matter of law. MCA § 25-9-129[2]. Accordingly, the court reversed and vacated the Sept. 18, 1981 decision of Stephen Miller affirming Armstrong's dismissal and remanded the case to the Employee Appeal's Board for a de novo hearing before the full Employee Appeal's Board consisting of three hearing officers.
The board now contends that Armstrong's failure to file an appeal bond within six months of the Appeals Board decision deprived the circuit court of jurisdiction. The question raised here is whether the circuit court erred in holding that timely filing of the appeal bond was waived?
The appellate procedure[3] from decisions of the Employee Appeals Board at the time of this suit was controlled by the following statutes:
11-51-93 Certiorari proceedings in circuit court.

*915 All cases decided by a justice of the peace, whether exercising general or special jurisdiction, may, within six months thereafter, on good cause shown by petition, supported by affidavit, be removed to the circuit court of the county, by writ of certiorari, which shall operate as a supersedeas, the party, in all cases, giving bond, with security, to be approved by the judge or clerk of the circuit court, as in cases of appeal from justices of the peace; ...
11-51-95 Certiorari to all other inferior tribunals.
Like proceedings as provided in section 11-51-93 may be had to review the judgments of all tribunals inferior to the circuit court, whether an appeal be provided by law from the judgment sought to be reviewed or not.
11-51-53 Bond to be given to perfect an appeal.
Except as herein otherwise provided, an appeal shall not be considered as perfected, or a supersedeas awarded thereon, unless the bond required shall have been given and approved.
This Court has repeatedly held that statutory bond requirements are jurisdictional. Phillips Construction Co. Inc. v. Miss. State Highway Comm., 420 So.2d 1374 (Miss. 1982) (supersedeas bond required in appeals to the circuit court from arbitration board determinations under sections 65-2-15 is jurisdictional prerequisite); Allgood v. Allgood, 367 So.2d 450 (Miss. 1979). (Failure to prepay cost of appeal required by 11-51-25 and 11-51-29 is jurisdictional defect requiring dismissal); Kennedy v. Gervais, 345 So.2d 1039 (Miss. 1977) (failure to file appeal bond within 45 day period prescribed by 11-51-5 deprives Supreme Court of jurisdiction and requires dismissal); Fisher v. Crowe, 289 So.2d 921 (Miss. 1974) (same); See generally 50 Miss. L.J. 719, 731-732 (1979).
Nonetheless, this Court has recognized that a failure to meet the statutory requirements may be excused by extenuating circumstances. See Moran v. Necaise, 437 So.2d 1222 (Miss. 1983) (where payment was not made until later than 45 days from the date of judgment but was made in good faith, motion to dismiss appeal overruled); Allgood v. Allgood, 367 So.2d 450 (Miss. 1979) (where cost not prepaid within 45 day limit but statute was new and appellant made good faith effort to timely perfect appeal, motion to dismiss overruled).
This Court, however, finds no extenuating circumstances in this case to excuse the statutory requirement. Neither do we find authority for the circuit court's waiver of the statutory requirement of a bond. We conclude that circuit court's first order dismissing the petition for lack of jurisdiction was proper, and that his reversal of that decision was in derogation of the statute and erroneous.
This case is controlled by Phillips, supra, which held a bond to be a jurisdictional requirement. Phillips was a direct appeal case, and this case is an appeal by way of writ of certiorari. However, both reviews are governed by statutory methods of appeal procedure, and jurisdiction for review is conferred by compliance with the rules.
In Phillips, supra, this Court stated:
As stated, we hold that the required supersedeas bond is jurisdictional, and the appeal is not perfected until the bond is approved by the circuit judge and filed. See Hutchinson v. Ferrell, 160 So.2d 903, 248 Miss. 700 (1964); Shirley v. Stevens, 114 So.2d 661, 237 Miss. 254 (1959).
Following the Phillips decision, we conclude that the circuit court was in error in granting the writ of certiorari without the appellee's filing of a bond. The failure of the appellee to file the appeal bond within the statutory period defeats the jurisdiction of the circuit court to act. For this reason, we address no other assignment of error.
We reverse the circuit court judgment and reinstate the order of the Employee Appeals Board hearing officer, Stephen R. Miller of September 18, 1981.
REVERSED AND RENDERED.
*916 WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., and ROY NOBLE LEE, P.J., not participating.
NOTES
[1] Sitting pursuant to Mississippi Code Annotated section 9-3-6 (Supp. 1983).
[2] In 1982, § 25-9-129 was amended to provide that "hearings before the Employee Appeals Board may be conducted by an individual hearing officer or by the Board en banc, as provided in State Personnel Board Rules." Miss. Code Ann. § 25-9-129 (Supp. 1982).
[3] Appellate procedure from the Employee Appeals Board effective from and after May 10, 1984 is as follows:

25-9-132. Any employee aggrieved by a final decision of the Employee Appeals Board shall be entitled to judicial review thereof in the manner provided in this section.
(1) An appeal may be taken by such employee to the circuit court of the principal county of the employee's employment or the Circuit Court of the First Judicial District of Hinds County, by filing a petition with the clerk of such court and executing and filing bond payable to the State of Mississippi with sufficient sureties to be approved by the clerk of the court, in the penalty of Five Hundred Dollars ($500.00) conditioned upon the payment of all costs of appeal, including the cost of preparing the transcript of the hearing before the Employee Appeals Board. The petition and bond shall be filed within thirty (30) days of the receipt of the final decision of the Employee Appeals Board. Upon approval of the bond, the clerk of the court shall notify the Employee Appeals Board, which shall prepare its record in the matter and transmit it to the circuit court.