597 So.2d 643 (1992)
Dixie BERTUCCI
v.
MISSISSIPPI DEPARTMENT OF CORRECTIONS.
No. 90-CA-0228.
Supreme Court of Mississippi.
April 15, 1992.
*644 Wynn E. Clark, Owen Galloway & Clark, Gulfport, for appellant.
Michael C. Moore, Atty. Gen., James F. Steel, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
HAWKINS, Presiding Justice, for the Court:
Dixie Bertucci appeals from an Order of the Circuit Court of Hinds County reversing an order of the Employee Appeals Board (EAB) which granted Bertucci's motion to collaterally estop the Mississippi Department of Corrections (MDOC) from relitigating factual issues decided in Bertucci's unemployment claim. Issues of jurisdiction, collateral estoppel, and constitutionality of a statute and administrative rule are presented. Finding no appeal is authorized for an administrative agency pursuant to Miss. Code Ann. § 25-9-132 (Supp. 1990) and that MDOC did not comply with statutory requisites for certiorari, we reverse and vacate the order of the circuit court, and dismiss the appeal for lack of jurisdiction.

FACTS
This case could be appropriately designated as a true comedy of errors. Dixie Bertucci was a state service employee of the MDOC Probation and Parole Board. She worked with the court system and district attorneys by investigating the background and character of persons accused and convicted of crimes. Her work area included Harrison County. She was charged by MDOC with alleged falsification of reports. MDOC contended that Bertucci stated in her report on three occasions that she had conversed with a particular law officer concerning a particular defendant when in fact she had not. Bertucci was terminated from her job by MDOC because of the alleged document falsification.
She applied for and was initially denied unemployment compensation. She appealed. Before Appeals Referee Jose Marti, the issue was reduced to one simple question of fact: Did Bertucci falsify documents? Appeals Referee Marti ruled that she did not. MDOC appealed the ruling to the Board of Review which affirmed the decision of the Appeals Referee. No appeal was taken by MDOC from the order of the Mississippi Employment Security Commission (MESC) Board of Review.
Subsequently, the same charge of document falsification was presented to the Grand Jury of Harrison County. Indictment ensued charging Bertucci with falsification of state documents. Bertucci moved to quash the indictment on the ground that the State was collaterally estopped from prosecuting her under the double jeopardy protection afforded by the United States and Mississippi Constitutions. The Harrison County Circuit Court, upon review of the indictment and the MESC administrative proceedings, determined that the factual issue of document falsification, which constituted the central issue in the pending indictment, was fully litigated and decided by the administrative agency in favor of Bertucci; thus, the State was collaterally *645 estopped from relitigating the issue. The indictment was quashed.
Bertucci, as an employee in the state service, appealed her employment termination pursuant to Miss. Code Ann. § 25-9-127 and 25-9-131 (Supp. 1988). She asserted that MDOC was collaterally estopped to terminate her on the grounds of document falsification. The hearing officer found no merit in Bertucci's claims and denied relief. She moved for a Full Board Review. The EAB, en banc, found error in the denial of Bertucci's claim that MDOC was collaterally estopped from relying on its claim of document falsification as grounds for job termination because that fact issue had been determined by a competent state agency. EAB ordered Bertucci reinstated to her original position with full back pay and all other benefits, diminished only by the amounts she received as unemployment compensation.
MDOC appealed to the circuit court of the First Judicial District of Hinds County. Bertucci filed a motion to dismiss on grounds that MDOC had no statutory right to appeal from the adverse decision of EAB. The circuit court recognized that MDOC was not statutorily authorized to appeal pursuant to Miss. Code Ann. § 25-9-132 (Supp. 1990), but treated MDOC's document titled "Brief in Support of Review of Decision of Mississippi State Employee Appeals Board" as a petition for writ of certiorari. The court recognized, however, that "there is nothing which can be construed as an affidavit." The court then waived the statutory requirement of affidavit. Declaring that jurisdiction existed on the basis of certiorari, the circuit court determined that the record did not support EAB's application of collateral estoppel because in MESC hearings the burden is on the employer to prove misconduct while in EAB hearings, the burden is on the employee to furnish reasons why the grounds for adverse action are not true or sufficient for the action taken. The circuit court reversed the order of EAB, and remanded the case to the State Personnel Board for further hearing on the merits.

LAW
We are confronted at the outset with the question of the circuit court's jurisdiction of MDOC's appeal from EAB. Admittedly, MDOC attempted to perfect its appeal pursuant to Miss. Code Ann. § 25-9-132 (Supp. 1990) which provides "[a]ny employee aggrieved by final decision of the Employee Appeals Board shall be entitled to judicial review ..."
The first document filed in the circuit court was MDOC's "Brief in Support of Review of the Decision of the Mississippi State Employee Appeals Board." It appears to be just that  "a brief." It recites the facts, discusses legal principles, cites authorities and contains concluding notes. If formal notice of appeal or request for review was made, it does not appear in the record presented to this Court.
The opinion of the circuit court deciding the question of jurisdiction states, in part:
This matter is before the court on appeal from an order of the Employee Appeals Board of the State Personnel Board reinstating Dixie Bertucci to employment with the Mississippi Department of Corrections (MDOC) on grounds that the issue of her acts justifying discharge have been litigated before the Mississippi Employment Security Commission and decided adversely to MDOC. Bertucci has filed a motion to dismiss this action on grounds that MDOC has no statutory right to appeal from an adverse decision of the EAB. That jurisdiction issue must first be resolved.
* * * * * *
The statutory scheme establishing the Statewide Personnel System, Section 25-9-101 et seq., Miss.Code of 1972 Ann., provides for judicial review for "[a]ny employee aggrieved by a final decision of the employee appeals board." Sections 25-9-131, 25-9-132 MCA 1972. In contrast, the act requires that the "appointing authority [employing agency] shall promptly comply with the order issued as a result of the appeal to the employee appeals board." Section 25-9-131. Here, it is not the employee aggrieved, *646 but the employing authority which seeks review. No such appeal is authorized.
* * * * * *
The remaining question before the court is whether this action may be treated as a petition for writ of certiorari. Bertucci argues that the court may not convert this action because MDOC has failed to file a petition supported by an affidavit in accordance with the statute. No bond is required of a state agency seeking a writ. MDOC's document titled "Brief in Support of Review of Decision of Mississippi State Employee Appeals Board" can be considered to embody a petition. There is nothing which can be construed as an affidavit, however. Nevertheless this court has not found any authority decreeing that an affidavit is a jurisdictional prerequisite.
The circuit court held that the proceedings before it "can and shall be treated as proceedings pursuant to the issuance of a writ of certiorari."
The Circuit Court correctly observed that no appeal by MDOC is authorized by Miss. Code Ann. § 25-9-132. The court also properly articulated that certiorari is available for judicial review of EAB decisions. See Gill v. Miss. Dept. of Wildlife Conservation, 574 So.2d 586, 590 (Miss. 1990).
We are not persuaded, however, that the brief of MDOC suffices to vest circuit court jurisdiction from the administrative agency. Miss. Code Ann. § 11-51-93 (1972) provides:
All cases decided by a justice of the peace, whether exercising general or special jurisdiction, may, within six months thereafter, on good cause shown by petition, supported by affidavit, be removed to the circuit court of the county, by writ of certiorari, which shall operate as a supersedeas, the party, in all cases, giving bond, with security, to be approved by the judge or clerk of the circuit court, as in cases of appeal from justices of the peace; and in any cause so removed by certiorari, the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings.
Miss. Code Ann. § 11-51-95 (1972), in pertinent part, provides: "Like proceedings as provided in section 11-51-93 may be had to review the judgments of all tribunals inferior to the circuit court, ..."
In Crider v. Howard, 295 So.2d 776 (Miss. 1974), we treated a petition for judicial review as an application for writ of certiorari where all other essentials for appeal by certiorari were met within the time required by law. In this case, MDOC's brief does not supply the requirements mandated by statute. We have repeatedly required strict compliance with the appeal provisions of our rules and appeal statutes.
For example, in Miss. State Personnel Board v. Armstrong, 454 So.2d 912 (Miss. 1984), we held that failure of an appealing party to file an appeal bond within the statutory period deprived the circuit court of jurisdiction.
In Phillips Construction Co., Inc. v. Miss. State Highway Commission, 420 So.2d 1374 (Miss. 1982), we held that supersedeas bond required in appeals to circuit court from arbitration board determinations under Section 65-2-15 is a jurisdictional prerequisite.
In Horvath v. Eppling, 164 La. 93, 113 So. 778 (1927), our neighboring Louisiana Supreme Court held that the failure of applicant for writ of certiorari to have his petition "sworn to" as provided by the Louisiana statute required dismissal of the petition. The Louisiana court stated "the requirement ... that `the petition shall be sworn to' is mandatory, and not merely directory or subject to the discretion of the court, and must be carried out under penalty of dismissal if not followed." 113 So. at 778-79.
More recently, in Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308 (Miss. 1989), we dismissed an appeal where notice of appeal was filed two days subsequent to the time permitted by Rule 4(a), Miss.Sup. Ct.R. In Tandy, we stated that "strict enforcement has the virtue of treating alike all persons similarly situated." 554 So.2d at 310-11; see also Moore v. Wax, *647 554 So.2d 312 (Miss. 1989); Duncan v. St. Romain, 569 So.2d 687 (Miss. 1990).
In Box v. State, 437 So.2d 19, 21 (Miss. 1983), we articulated the bottom line: "A rule which is not enforced is no rule."
We fail to see why the appeal provisions of the foregoing statutes should not be strictly enforced. In this case MDOC wholly failed to file a petition supported by affidavit. The only document filed by MDOC was a "Brief in Support of Review of Decision of Mississippi State Employee Appeal Board." No petition for review appears in the record. The brief is exactly what it purports to be, a document in support of review. In its second paragraph, MDOC plainly states: "The statutory authority for this appeal is found in Section 25-9-132 Miss. Code Ann. 1972, as amended."
We decline to ignore statutory requisites and accept that a brief is in substantial compliance with § 11-51-93. We are not willing to accept anything less than full compliance with all the essentials within the time allowed, as stated in Crider. This is particularly proper where no extenuating circumstances are offered to excuse the statutory prescription. In Miss. State Personnel Board v. Armstrong, we stated:
This Court ... finds no extenuating circumstances .. . to excuse the statutory requirement ... This case is controlled by Phillips, supra, which held a bond to be a jurisdictional requirement. Phillips was a direct appeal case, and this case is an appeal by way of certiorari. However, both reviews are governed by statutory [and rule] methods of appeal procedure, and jurisdiction for review is conferred by compliance with the rules. (emphasis added)
454 So.2d at 915.
The Circuit Court was without jurisdiction to consider the case on the basis of certiorari, and it follows, as night the day, that this Court acquired no jurisdiction over this appeal. Accordingly, the order of the Circuit Court of Hinds County is reversed and vacated, and this appeal is dismissed.
ORDER OF THE CIRCUIT COURT OF HINDS COUNTY REVERSED AND VACATED, AND APPEAL DISMISSED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
McRAE, J., dissenting with separate written opinion joined by DAN M. LEE, P.J.
BANKS, J., not participating.
McRAE, Justice, dissenting:
The majority belabors the merits of whether the proper statutory requisites for a writ of certiorari to the Circuit Court were met. In doing so, it accepts this case on appeal from an interlocutory order of the circuit court, sitting as an appellate court, which had remanded this case to the State Personnel Board for further hearings on the merits. Such an order is not a final judgment under MRCP 54(a) and thus, not properly subject to appeal to this Court. The appellant could have brought an interlocutory appeal under Mississippi Supreme Court Rule 5. She failed to do so. Accordingly, I would dismiss the appeal without consideration of the merits because it was not properly before this Court.
DAN M. LEE, P.J., joins this opinion.