## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-IA-00039-SCT

*THE BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER LEARNING*

*v.*

*H. E. (BILLY) BREWER*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/09/1998 |
| TRIAL JUDGE: | HON. HENRY LAFAYETTE LACKEY |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | J. CAL MAYO, JR. |
| | CHARLES T. RUBISOFF |
| ATTORNEY FOR APPELLEE: | JIM WAIDE |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 02/04/99 |
| MOTION FOR REHEARING FILED: | 2/17/99 |
| MANDATE ISSUED: | 4/22/99 |

**BEFORE SULLIVAN, P.J., McRAE AND ROBERTS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Effective July 15, 1994, the University of Mississippi (the University) terminated its employment contract with its head football coach, Billy Brewer. Under the terms of the contract, the University had originally agreed to employ Brewer until June 30, 1997. However, following two NCAA investigations, in 1986 and 1994, which resulted in findings that the University violated NCAA recruiting regulations, the University determined that Brewer had breached terms of his employment contract by failing to maintain control of the football program.

¶2. Following the procedure set out in the University's employee handbook, Brewer first appealed his termination to his department head, Warner Alford, Director of Intercollegiate Athletics. After Alford affirmed the decision to terminate on July 26, 1994, Brewer appealed to the University's Personnel Action Review Board (PARB) for a full hearing. On September 9, 1994, the PARB mailed a letter to Brewer informing him of their decision to uphold his termination.

¶3. On January 6, 1995, Brewer filed his complaint against the University's Chancellor, Gerald Turner, and

the Board of Trustees of State Institutions of Higher Learning (the Board) in the Lafayette County Circuit Court, seeking monetary damages for breach of contract, violation of his constitutional rights, and tortious interference with contract. The defendants removed the case to the United States District Court for the Northern District of Mississippi, where they filed a motion to dismiss. The district court dismissed the federal claim against Turner, and remanded the state law claims to the circuit court. Brewer then filed his amended complaint in circuit court on February 11, 1997, and a second amended complaint on April 3, 1997, suing only the Board for breach of contract and mental anxiety and stress. On December 19, 1997, the Board filed its Motion to Dismiss for Lack of Jurisdiction, claiming that the circuit court lacked jurisdiction over the case, because Brewer failed to follow the statutory procedure under Miss. Code §§ 11-51-93 and 11-51-95 (1972; Supp. 1998). Circuit Judge Henry L. Lackey denied the Board's motion on January 9, 1998, and granted certification of the issue for interlocutory appeal to this Court on January 12, 1998. In turn, this Court granted permission for this interlocutory appeal to proceed.

## STATEMENT OF THE LAW

### I.

### MUST THE CIRCUIT COURT'S JURISDICTION IN THIS CASE BE INVOKED UNDER THE PROCEDURE SET OUT IN §§ 11-51-93 AND 11-51-95, OR BY FILING A COMPLAINT IN THE CIRCUIT COURT?

¶4. Brewer maintains that the question raised by the Board in its motion to dismiss is not jurisdictional, but merely procedural, and that the Board only addresses the issue in terms of jurisdiction in order to avoid denial of its motion under Rule 12(b) of the Mississippi Rules of Civil Procedure. Under Rule 12(b), a defense is waived if not asserted in the answer to the complaint. Miss. R. Civ. P. 12(b). One of the seven listed exceptions to this rule is lack of jurisdiction, which may be raised at any time. *Id*.; *Rodgers v. City of Hattiesburg*, 99 Miss. 639, 643, 55 So. 481, 482 (1911). Because the Board did not raise Brewer's failure to follow the statutory procedures as a defense in its answer to Brewer's original complaint or in its answer to his amended complaint, this issue would be waived unless it is a jurisdictional dispute. However, we have previously held that failure to post the required appeal bond under § 11-51-93 is a jurisdictional issue. *Mississippi State Personnel Bd. v. Armstrong*, 454 So. 2d 912, 914-15 (Miss. 1984). The Board's motion to dismiss for lack of jurisdiction is therefore not barred by Rule 12(b).

¶5. The relevant statutes under consideration in this case read in pertinent part as follows:

> All cases decided by a justice of the peace, whether exercising general or special jurisdiction, may, within six months thereafter, on good cause shown by petition, supported by affidavit, be removed to the circuit court of the county, by writ of certiorari, which shall operate as a supersedeas, the party, in all cases, giving bond, with security, to be approved by the judge or clerk of the circuit court, as in cases of appeal from justices of the peace; and in any cause so removed by certiorari, the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings. . . .

Miss. Code Ann. § 11-51-93 (1972). "Like proceedings as provided in section 11-51-93 may be had to review the judgments of all tribunals inferior to the circuit court, whether an appeal be provided by law from the judgment sought to be reviewed or not." Miss. Code Ann. § 11-51-95 (1998 Supp.). The Board asserts that the circuit court lacks jurisdiction over this matter, because Brewer did not file a petition for writ

of certiorari with the required bond within six months of the PARB's decision in this case. *Armstrong*, 454 So. 2d at 914-15 ("The failure of the appellee to file the appeal bond within the statutory period defeats the jurisdiction of the circuit court to act.").

¶6. The Board particularly relies on this Court's decision in *Hall v. Board of Trustees of State Institutions of Higher Learning*, 712 So. 2d 312 (Miss. 1998). After the Board affirmed the decision of the University of Mississippi Medical Center's Faculty Grievance Committee to issue a written reprimand to Hall for an alleged incident of sexual misconduct, Hall petitioned the circuit court for a writ of certiorari under § 11-51-93. *Hall*, 712 So. 2d at 324-25. The Board claims that the Court's opinion in *Hall* approved the use of the statutory procedure for appeals from administrative tribunals at Mississippi universities. However, *Hall* is easily distinguished from the current case. Hall sought to have the decision of the administrative tribunal in his case, the Faculty Grievance Committee, reversed; his action was a direct appeal from the administrative procedure. *Id*. at 317. In this case, Brewer filed a separate suit seeking monetary damages for breach of contract after he received confirmation from the University's Director of Personnel, B.J. Chain, Jr., on September 23, 1994, that his administrative remedies with the University had been exhausted. Brewer's action in circuit court was not an attempt to seek reinstatement through an appeal from the decision of the University or the Board's approval, but was instead a separate breach of contract action for damages.

¶7. As Brewer points out in his brief, the circuit court has original jurisdiction over all breach of contract cases. Miss. Const. art. 6, § 156 (1890) ("The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law."); Miss. Code Ann. § 9-7-81 (1991) (jurisdiction of circuit court); *City of Starkville v. Thompson*, 243 So. 2d 54, 55 (Miss. 1971). Our notions of due process would be impugned by requiring Brewer to pursue a breach of contract claim against the Board in an administrative tribunal ultimately answerable to the Board itself and subject to the limited review of the circuit court allowed under § 11-51-93. *See Gill v. Mississippi Dept. of Wildlife Conservation*, 574 So.2d 586, 590-91 (Miss. 1990) (*quoting* Miss. Code Ann. § 11-51-93 (1972)). As a result, we find that Brewer followed the proper procedure for initiating a breach of contract claim against the Board in this case by filing a complaint in the circuit court. The circuit court properly denied the Board's motion to dismiss for lack of jurisdiction. Accordingly, the circuit court's order denying the Board's motion to dismiss for lack of jurisdiction is affirmed.

¶8. **AFFIRMED.**

**PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. PRATHER, C.J., NOT PARTICIPATING.**