LEE, P.J.,
for the Court:
PROCEDURAL HISTORY AND FACTS
¶ 1. Ken Keyes was a shift captain with the City of Laurel Fire Department. Keyes had been shift captain since 1997. Keyes was passed over for a promotion to battalion chief. This promotion was given to a fireman who was a station captain, a rank below Keyes’s. Keyes filed a grievance with the City of Laurel (the City) and the Laurel Civil Service Commission (LCSC) for failure to promote him to battalion chief. After a hearing on the matter, the LCSC upheld the promotion and rejected Keyes’s grievance.
¶ 2. Keyes subsequently filed an appeal to the Jones County Circuit Court. The circuit court reversed the ruling of the LCSC and ordered the City to promote Keyes to battalion chief, effective June 23, 2003. The City appeals, asserting the following issues: (1) whether jurisdiction was proper; (2) whether Keyes had standing to pursue the appeal; (3) whether the LCSC’s decision to not promote Keyes was made in good faith for cause; and (4) whether the trial court’s decision should be reversed.
DISCUSSION
¶ 3. Keyes argues that the circuit court did not have jurisdiction over the appeal pursuant to Mississippi Code Annotated section 21-31-23 (Rev.2007). Section 21-31-23 concerns disciplinary proceedings and is not applicable to an application for promotion. However, Mississippi Code Annotated section 11-51-95 (Rev.2002) grants writs of certiorari to the circuit court to review proceedings from tribunals inferior, but Mississippi Code Annotated section 11-51-93 (Rev.2002) limits the circuit court’s scope of review to questions of law. Section 11-51-95 considers a municipal civil service commission an inferior tribunal. See Gill v. Miss. Dep’t of Wildlife Conservation, 574 So.2d 586, 591 (Miss.1990).
¶4. Keyes filed a notice of appeal and not a writ of certiorari. We must determine whether the notice of appeal could be deemed a writ of certiorari. According to 11-51-93, the writ of certiorari must be in the form of a petition and supported by an affidavit. In Crider v. Howard, 295 So.2d 776, 777 (Miss.1974), the supreme court treated a petition for judicial review as an application for writ of certiorari where all other essentials for appeal by certiorari were met within the time required by law. However, in Bertucci v. Mississippi De *399 partment of Corrections, 597 So.2d 643, 647 (Miss.1992), the supreme court reversed the decision of the circuit court, finding that the circuit court erred in treating the MDOC’s notice of appeal as a writ of certiorari. The supreme court noted that the MDOC’s appeal lacked the statutory requirements; thus, the circuit court lacked jurisdiction over the appeal. Id. at 646.
¶ 5. In the case at bar, Keyes’s notice of appeal does not contain a petition or any supporting affidavit. The notice of appeal cannot be construed to be a petition for certiorari; thus, the circuit court did not have jurisdiction over Keyes’s appeal. Accordingly, the order of the Jones County Circuit Court is vacated.
¶ 6. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT IS VACATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.