# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CC-01055-COA

**SERGEANT JOEY DECUIR**                                          **APPELLANT**

**v.**

**CITY OF LAUREL, MISSISSIPPI**                                  **APPELLEE**

DATE OF JUDGMENT:              09/01/2023
TRIAL JUDGE:                   HON. DAL WILLIAMSON
COURT FROM WHICH APPEALED:     JONES COUNTY CIRCUIT COURT,
                               SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        WILLIAM E. READY JR.
ATTORNEYS FOR APPELLEE:        DEIDRA J. BASSI
                               BRETT WOODS ROBINSON
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                   AFFIRMED - 02/10/2026
MOTION FOR REHEARING FILED:

## CONSOLIDATED WITH

## NO. 2024-CC-01379-COA

**MICHAEL SHANE VALENTINE**                                      **APPELLANT**

**v.**

**CITY OF LAUREL, MISSISSIPPI**                                  **APPELLEE**

DATE OF JUDGMENT:              10/13/2023
TRIAL JUDGE:                   HON. DAL WILLIAMSON
COURT FROM WHICH APPEALED:     JONES COUNTY CIRCUIT COURT,
                               SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        WILLIAM E. READY JR.
ATTORNEYS FOR APPELLEE:        DEIDRA J. BASSI
                               BRETT WOODS ROBINSON
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                   AFFIRMED - 02/10/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Sergeant Joey DeCuir and Captain Shane Valentine filed grievances with the City of Laurel Civil Service Commission challenging the promotions of other officers within the Laurel Police Department. Following a hearing, the Commission upheld the promotions, and DeCuir and Valentine appealed to circuit court. The circuit court dismissed both appeals, holding that DeCuir and Valentine failed to perfect their appeals within the statutory deadline. DeCuir and Valentine appealed, and this Court consolidated their appeals. We affirm the circuit court's decision dismissing the appeals, albeit for a different reason.

## FACTS AND PROCEDURAL HISTORY

¶2.     DeCuir had served as a patrol sergeant with the Laurel Police Department for approximately five years, had served briefly as an acting lieutenant, and had been at the top of the eligibility list for a promotion to lieutenant. However, the eligibility list for the position expired in August 2021. In October 2021, the City promoted another officer to lieutenant. The promoted officer had ranked below DeCuir on the eligibility list for the position prior to the list's expiration.

¶3.     Valentine had been a captain with the Department for approximately ten years, had performed the duties of deputy chief of police without extra compensation for several years, and had been at the top of the eligibility list for a promotion to deputy chief of police. However, the eligibility list for the position expired in August 2021. In October 2021, the City appointed another officer to be deputy chief of police. That officer had not been on the

2

eligibility list for the position prior to the list's expiration.

¶4.     DeCuir and Valentine filed grievances with the City's Civil Service Commission, arguing that the promotions violated the City's civil service rules because they were not based on an eligibility list or a competitive examination. DeCuir and Valentine also argued that the City violated Mississippi Code Annotated section 21-31-13 (Rev. 2015), which provides that "[a]ll appointments to and promotions in [police and fire departments covered by the civil service statutes] shall be made solely on merit, efficiency, and fitness, which may be ascertained by open competitive examination and impartial investigation." The City responded that it had investigated DeCuir's and Valentine's respective complaints and found that the promotions complied with the City's rules and applicable law.

¶5.     Valentine and DeCuir both requested hearings before the Commission. At a hearing on January 18, 2022, DeCuir and Valentine asked the Commission to reverse the promotions and "either do a new eligibility list or allow the names from the previous eligibility list to be the ones to be considered." The Commission informed DeCuir and Valentine that it would not announce its decision at the hearing but would issue a written decision and findings at a later date. On January 28, 2022, the Commission's secretary sent a letter to counsel for DeCuir and Valentine, notifying him that the Commission had voted to uphold both promotions. The letter also stated that the hearing transcript could be obtained from the court reporter. On February 2, 2022, counsel for DeCuir and Valentine wrote to the Commission's president, objecting that the secretary's letter failed to set out any factual or legal basis for the Commission's decision. Counsel requested "a proper written ruling" so his clients could

3

"make a decision on appealing the ruling." On February 18, 2022, the secretary provided counsel with a partial transcript of the January 18 hearing showing that the Commission unanimously voted (in executive session) to deny DeCuir's and Valentine's grievances. The basis of the motion to deny the grievances was that the eligibility lists for the positions had expired and that the mayor had the authority to make the challenged promotions.

¶6. On February 22, 2022, DeCuir and Valentine each served a "Notice of Appeal" on the City and the Commission pursuant to Mississippi Code Annotated section 21-31-23 (Rev. 2015). On March 24, 2022, the Commission filed the records in both appeals in the Jones County Circuit Court. On April 12, 2022, DeCuir and Valentine filed copies of their original notices of appeal and civil cover sheets with the circuit clerk.

¶7. On April 19, 2022, the City filed motions to dismiss both appeals, arguing that DeCuir and Valentine failed to timely perfect their appeals pursuant to section 21-31-23 and Rule 5.04 of the Uniform Civil Rules of Circuit and County Court Practice. The City argued that DeCuir and Valentine were each required to *file* a notice of appeal *with the circuit clerk*—as opposed to simply serving the notice on the Commission and the City—within thirty days of receiving notice of the Commission's decision. In response, DeCuir and Valentine argued that they timely perfected their appeals pursuant to section 21-31-23 by serving their notices of appeal on the Commission and the City and that Rule 5.04 did not apply to the issue. In rebuttal, the City argued that regardless of whether the appeals were timely, the promotion of other officers was not a proper subject of an appeal pursuant to section 21-31-23. The City argued that only disciplinary actions such as removals, suspensions, or demotions were

4

subject to appeal under section 21-31-23.

¶8. The circuit court granted the City's motions to dismiss. The court initially noted that DeCuir and Valentine were challenging and appealing "appointments to vacant positions," "not a removal, suspension, demotion, discharge or any combination thereof." The court stated that decisions regarding "appointments" or promotions were not covered by the grievance and appeal procedure provided by section 21-31-23. However, the court further noted that Rule 7(4) of the Laurel Civil Service Commission provides as follows:

> Any complaint not pursuant to SEC. 21-31-71 (REMOVAL, SUSPENSION, DEMOTION, AND DISCHARGE)[1] may be presented to the Civil Service Commission for investigation consideration. If the Commission deems the complaint valid a hearing may be granted.

The court reasoned that by adopting this rule, the Commission had authorized hearings for non-disciplinary personnel matters, including promotions. Nonetheless, the court held that DeCuir and Valentine failed to timely appeal the Commission's decision because they failed to *file* their appeals *in the circuit court* within thirty days of the Commission's decision. Accordingly, the circuit court dismissed both appeals. Valentine and DeCuir both appealed, and this Court consolidated the appeals.

**ANALYSIS**

¶9. The timely filing of a notice of appeal is mandatory and jurisdictional. *Bd. of Supervisors for Lowndes Cnty. v. Lowndes Cnty. Sch. Dist.*, 367 So. 3d 167, 172 (¶13) (Miss.

---

[1] Mississippi Code Annotated section 21-31-71 (Rev. 2015) is similar to section 21-31-23. However, section 21-31-23 applies to employees of fire and police departments, such as DeCuir and Valentine, whereas section 21-31-71 applies to administrative and other employees. *See City of Laurel v. Samuels*, 469 So. 2d 530, 530-31 (Miss. 1985).

2023). We review jurisdictional issues de novo. *Horne v. Mobile Area Water & Sewer Sys.*, 897 So. 2d 972, 975 (¶7) (Miss. 2004).

¶10. On appeal, the parties debate whether DeCuir and Valentine timely perfected their appeals under section 21-31-23. DeCuir and Valentine argue that they timely perfected their appeal by *serving* a notice of appeal on the City and the Commission within thirty days after they received notice of the Commission's decision. They emphasize that section 21-31-23 provides as follows:

> The findings of the commission shall be conclusive and binding unless either the accused or the municipality shall, within thirty (30) days from the date of the entry of such judgment or order on the minutes of the commission and notification to the accused and the municipality, appeal to the circuit court of the county within which the municipality is located. Any appeal of the judgment or order of the commission shall not act as a supersedeas of such judgment or order, but the judgment or order shall remain in effect pending a final determination of the matter on appeal. **Such appeal shall be taken by serving the commission and the appellee, within thirty (30) days after the entry of such judgment or order, a written notice of appeal, stating the grounds thereof, and demanding that a certified transcript of the record and of all papers on file in the office of the commission affecting or relating to such judgment or order, be filed by the commission with such court.** The commission shall, within thirty (30) days after the filing of such notice, make, certify and file such transcript with such court. The said circuit court shall thereupon proceed to hear and determine such appeal. However, such hearing shall be confined to the determination of whether the judgment or order of removal, discharge, demotion, suspension or combination thereof made by the commission, was or was not made in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds.

Miss. Code Ann. § 21-31-23 (emphasis added). DeCuir and Valentine argue that an appeal is perfected (i.e., "taken") under the statute by "serving" a "written notice of appeal" on the Commission and the appellee—and that *filing* a notice of appeal *with the circuit clerk* is not a jurisdictional prerequisite. In response, the City argues that Rule 5.04 of the Uniform Civil

6

Rules of Circuit and County Court Practice requires an appellant to "*file* a written notice of appeal *with the circuit clerk*." UCRCCC 5.04 (emphasis added). In rebuttal, DeCuir and Valentine counter that this particular sentence in Rule 5.04 only applies to an "appeal . . . from a lower *court*" and does not apply to an appeal from a "lower authority" such as a municipal civil service commission. *Id.* (emphasis added).

¶11. However, we need not address the parties' arguments regarding the timeliness of the appeal because we conclude that the circuit court lacked jurisdiction for a more fundamental reason. Specifically, the Commission's decision upholding the *promotion* of other officers was not an appealable *disciplinary decision* under section 21-31-23. Indeed, this Court previously addressed the same issue in *City of Laurel v. Keyes*, 30 So. 3d 397 (Miss. Ct. App. 2010).

¶12. In *Keyes*, a City of Laurel fireman (Keyes) filed a grievance with the Commission after he was passed over for a promotion. *Id.* at 398 (¶1). After a hearing, the Commission upheld the promotion and rejected Keyes's grievance. *Id.* Keyes then appealed to the Jones County Circuit Court, which reversed the Commission and ordered the City to promote Keyes. *Id.* at (¶2). On appeal, this Court vacated the circuit court's decision for lack of jurisdiction. *Id.* at 398-99 (¶¶3-5). We emphasized that "[s]ection 21-31-23 concerns disciplinary proceedings *and is not applicable to an application for promotion*." *Id.* at 398 (¶3) (emphasis added).[2] We then noted that Mississippi Code Annotated section 11-51-95

---

[2] Section 21-31-23 provides that an officer who is "removed, suspended, demoted, discharged or combination thereof" may request an investigation by the civil service commission. The commission's "investigation shall be confined to the determination of the question of whether such *disciplinary action* was or was not made for political or religious

(Rev. 2002) authorized review of other types of decisions of municipal civil service commissions *by writ of certiorari. Keyes*, 30 So. 3d at 398 (¶3) (citing *Gill v. Miss. Dep't of Wildlife Conservation*, 574 So. 2d 586, 591 (Miss. 1990)). However, "Keyes filed a notice of appeal and not a writ of certiorari." *Id.* at (¶4). Therefore, we stated:

> We must determine whether the notice of appeal could be deemed a writ of certiorari. According to 11-51-93, the writ of certiorari must be in the form of a petition and supported by an affidavit. In *Crider v. Howard*, 295 So. 2d 776, 777 (Miss. 1974), the supreme court treated a petition for judicial review as an application for writ of certiorari where all other essentials for appeal by certiorari were met within the time required by law. However, in *Bertucci v. Mississippi Department of Corrections*, 597 So. 2d 643, 647 (Miss. 1992), the supreme court reversed the decision of the circuit court, finding that the circuit court erred in treating the MDOC's notice of appeal as a writ of certiorari. The supreme court noted that the MDOC's appeal lacked the statutory requirements; thus, the circuit court lacked jurisdiction over the appeal. *Id.* at 646.
>
> In the case at bar, Keyes's notice of appeal does not contain a petition or any supporting affidavit. The notice of appeal cannot be construed to be a petition for certiorari; thus, the circuit court did not have jurisdiction over Keyes's appeal. Accordingly, the order of the Jones County Circuit Court is vacated.

*Keyes*, 30 So. 3d at 398-99 (¶¶4-5).

¶13.    The result is the same in this case. Like Keyes, DeCuir and Valentine are attempting

---

reasons and was or was not made in good faith for cause." Miss. Code Ann. § 21-31-23 (emphasis added). The commission may affirm, reverse, or modify "the disciplinary action" taken against the officer. *Id.* Either party may appeal the commission's decision to circuit court, but the circuit court's authority "shall be confined to the determination of whether the judgment or order of removal, discharge, demotion, suspension or combination thereof made by the commission, was or was not made in good faith for cause." *Id.* The statute repeatedly refers to "disciplinary action" and specific types of disciplinary actions taken against the officer. The statute makes no mention of "appointments" or "promotions." It is clear from the language of the statute as a whole that the grievance and appeal procedure authorized by section 21-31-23 only applies to disciplinary actions and does not apply to promotions. *Keyes*, 30 So. 3d at 398 (¶3).

to appeal decisions regarding *promotions*. As we stated in *Keyes*, "[s]ection 21-31-23 concerns disciplinary proceedings *and is not applicable to an application for promotion*." *Id.* at 398 (¶3) (emphasis added). In addition, DeCuir and Valentine both failed to file a petition for a writ of certiorari in the circuit court within thirty days of the Commission's decision. Indeed, as discussed above, DeCuir and Valentine did not file anything in the circuit court within thirty days. Moreover, the notices that DeCuir and Valentine served on the City and the Commission were not in the form of a petition for a writ of certiorari and did not include a supporting affidavit. Therefore, just as in *Keyes*, the circuit court lacked jurisdiction over DeCuir's and Valentine's attempted appeals pursuant to section 21-31-23. *Id.* at 398-99 (¶¶4-5).

¶14. In summary, to obtain judicial review of a municipal civil service commission's decision upholding a *promotion*, a party must file a timely, properly supported petition for writ of certiorari in circuit court—not a simple "notice of appeal." DeCuir and Valentine failed to do so. Therefore, the circuit court lacked jurisdiction over their attempted appeals from the Commission's decisions upholding the promotions of other officers. Accordingly, we affirm the circuit court's decision to dismiss the appeal, albeit for a different reason than the circuit court articulated.[3]

¶15. **AFFIRMED.**

   **CARLTON, P.J., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. BARNES, C.J., AND**

---

[3] "We affirm where an agency or lower court reaches the right result for the wrong reason." *Falco Lime Inc. v. Mayor & Aldermen of City of Vicksburg*, 836 So. 2d 711, 725 (¶62) (Miss. 2002).

**McDONALD, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**